## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **JACQUELINE GORDON** | ) |
| **Plaintiff** | ) |
| | ) |
| **V.** | )**CIVIL ACTION NO. CV -** |
| | ) |
| **TAYLOR HARDIN SECURE** | ) |
| **MEDICAL FACILITY** | ) |
| **Defendant** | ) |
| | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

## I.  JURISDICTION AND VENUE

1.　　The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(k) and 28 U.S.C. §§ 2201 and 2202.

2.　　This is a suit  authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e et. seq., the Civil Rights Act of 1866, 42 U.S.C. § 1866, 42 U.S.C. § 1981, and the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

3.　　This Court's jurisdiction is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 2000e, et. seq., 42 U.S.C. § 1981, and 42 U.S.C. § 12101 et. seq., which provide injunctive and other relief against racial discrimination, retaliation in employment, and discrimination based on a disability.

4.　　The Plaintiff, Jacqueline Gordon, has fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act, as amended.

5.　　The Plaintiff timely filed her Charge of Discrimination within 180 days of the last of a continuing pattern and practice of discriminatory acts and filed this suit within 90 days of receipt of her notice of right to sue.

6.　　All events material to this suit took place in Alabama.  Thus, venue is appropriate in the United States District Court for the Northern District of Alabama.

## II. PARTIES

7.      The Plaintiff is an adult resident citizen of Tuscaloosa County, Alabama and was employed by the Defendant from September 1997 until September 2005.

8.      The Defendant, Taylor Hardin Secure Medical Facility, is, upon information and belief, a State of Alabama agency doing business in Tuscaloosa County, Alabama.

9.      At all times relevant to this action, Taylor Hardin has maintained and operated a business in Tuscaloosa County, Alabama.

10.     The Defendant is engaged in an industry affecting commerce and has had at least fifteen (15) employees at all times relevant hereto.

## III. FACTS

11.     The Plaintiff was employed by the Defendant for approximately (8) years, and is an African-American female.

12.     The Plaintiff was hired by the Defendant as a Social Worker II.  The Plaintiff was hired by the Defendant's then Social Worker Director, Kay Spencer, an African American female.

13.     Following the retirement of Kay Spencer, a Caucasian female, Lori Ellard, was promoted from Social Worker III, to the position of Social Worker Director.

14.     In November of 2004, the Plaintiff applied for the position of Social Worker III.

15.     In its official announcement stating its intent to fill the vacant Social Worker III position, the Defendant announced it would select a candidate based on training, experience and education.  However, the Defendant chose a candidate less qualified, experienced and educated than the Plaintiff to fill the position.

16.     On or around December 22, 2004, the Plaintiff was notified she was not selected for the position of Social Worker III.  A Caucasian female, Jan Morrison, was hired for the position, and she was considerably less qualified than the Plaintiff.

17.     The Social Worker III position requires a Licensed Clinical Social Worker degree.  At the time of her promotion to Social Worker III, Jan Morrison was only a Licensed Graduate Social Worker, while the Plaintiff was a Licensed Clinical Social Worker.

18.     Jan Morrison was also less experienced than the Plaintiff.  Jan Morrison had only been employed with the Defendant for approximately 3 years, whereas, the Plaintiff had been employed with the Defendant for approximately 7 years.  Additionally, when Jan Morrison was a graduate student, the Plaintiff was one of the social workers who mentored/trained her.

19.     After being passed over by the Plaintiff for the Social Worker III position, the Plaintiff raised questions regarding the decision to hire a less qualifed applicant.  As a result, the Defendant retaliated against her by harassment, discrimination and creating a hostile work environment.

20.     Prior to December 2004, the Plaintiff was able to receive reasonable accommodations due to her visual disability.  After December 2004, the Defendant made it extremely difficult and time consuming to receive any accommodations to aid in her employment.

21.     In April of 2005, the Plaintiff's medical doctor, Andrew J. Mays, informed the Defendant of the Plaintiff's visual disability, and the accommodations and precautions that would need to be taken.

22.     As a result of her disability, the Plaintiff requested several reasonable accommodations, necessary to aid her in her employment, such as proper lighting, transportation assistance, a magnifier, and a computer.  The Defendant did not provide any of those accommodations, and the Plaintiff was forced to go to the Alabama Department of Rehabilitation Services to receive assistance.  Though the Plaintiff was not given the requested reasonable accommodations, another visually impaired Caucasian employee, Kathy Roland, was given a computer, a driver, magnifier and additional lighting.

23.     Prior to December 2004, the Plaintiff never failed to meet expectations on her annual performance evaluation.  Moreover, the Plaintiff was often commended for her performance.

24.     In January 2005 and February 2005, the Plaintiff received disciplinary warnings from Lori Ellard.  The reasons cited were tardiness and a patient complaint.  These warnings were unfounded and part of the harassment directed at the Plaintiff from Lori Ellard and Jan Morrison.  James Reddoch, Jr., hospital director, made Lori Ellard rescind the disciplinary warnings because they were improper and violated hospital policy.

25.     In July of 2005, Jan Morrison resigned from the Social Worker III position, and on September 7, 2005, the Plaintiff was offered said position at only a 2% raise.

26.     On September 9, 2005, due to the repeated harassment, discrimination and refusal to provide the Plaintiff with reasonable accommodations, the Plaintiff was forced to submit her letter of resignation, effective September 26, 2005.

## IV. STATEMENT OF CLAIMS

## COUNT I:  RACE DISCRIMINATION

27.     The Plaintiff restates, realleges and incorporates paragraphs 1 through 26 as if set forth verbatim herein.

28.     The Defendant has discriminated against the Plaintiff in violation of Title VII and Section 1981 in passing over her for a promotion, offering her less than Caucasian organizational peers for the Social Worker III position, and hiring a less qualified Caucasian to fill the Social Worker III position.

29.     The Plaintiff was discriminated against as set out above in the statement of facts.

30.     The Plaintiff has no plain, adequate or complete remedy at law, and this suit for back pay, injunctive relief, and declaratory judgment is her only means of securing full relief.

## COUNT II:  RETALIATION

31.     The Plaintiff restates, re-alleges and incorporates paragraphs 1 through 30  as if set forth verbatim herein.

32.     After the Plaintiff applied for the position of Social Worker III and was passed over, she was not provided the reasonable accommodations due to her because of her visual disability, and Lori Ellard and Jan Morrison continually harassed her and created a hostile work environment.   The Plaintiff continued to experience this harassment, until her resignation on September 26, 2005.

33.     The Plaintiff has no plain, adequate or complete remedy at law, and this suit for back pay, injunctive relief, and declaratory judgment is her only means of securing full relief.

## COUNT III:  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

34.     The Plaintiff restates, re-alleges and incorporates paragraphs 1 through 33  as if set forth verbatim herein.

35.     The Plaintiff has a visual disability that falls within the purview of the Americans with Disabilities Act.  The Defendant is aware of this disability.

36.     On June 2, 2005, as a reasonable accommodation necessary to aid the Plaintiff in performing the essential functions of her job, the Plaintiff requested a modified computer, transportation assistance, a slightly more flexible work schedule and adjustments to her patient interaction.

37.     As of the date of the Plaintiff resignation, the Defendant had not provided the Plaintiff with those accommodations, nor provided a reasonable explanation for the denial.

38.     The Plaintiff has no plain, adequate or complete remedy at law, and this suit for back pay, injunctive relief, and declaratory judgment is her only means of securing full relief.

## V:  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court assume jurisdiction of this case and award Plaintiff the following relief:

A.    Grant the Plaintiff an Order requiring the Defendant to make the Plaintiff whole by requiring the Defendant to compensate the Plaintiff for lost earnings (back pay) and fringe benefits and compensatory and punitive damages for the Defendant's intentional and/or reckless disregard of the Plaintiff's civil rights;

B.    Grant the Plaintiff an Order requiring the Defendant to pay the Plaintiff's Attorneys' fees, costs and expenses; and

C.    Such other, further and different relief as justice may require.

Respectfully submitted on this the 31st day of October, 2005.


_____

Ardra L. Coleman [COL129]
ASB-5683-R55C
Attorney for Plaintiff
1923 Seventh Street
Tuscaloosa, AL 35041
Telephone: 205-345-1300
Telefax:     205-345-1383


**PLAINTIFF DEMANDS A TRIAL BY A STRUCK JURY**.